**ROBERT T. PERRY**
**Attorney at Law**
**45 Main Street, Suite 230**
**Brooklyn, New York 11201**
**Tel: (212) 219-9410**
**Fax: (718) 522-3225**

August 15, 2016

<u>By ECF</u>
Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   <u>Matthew Smart v. The City of New York, et al.,</u>
              15 Civ. 1405 (RRM) (PK)

Your Honor:

I represent Matthew Smart, the plaintiff in the above case. Plaintiff has accepted defendant City of New York's ("the City") Rule 68 Offer of Judgment but the parties have been unable to agree on reasonable attorney's fees, expenses, and costs. Pursuant to the Court's order dated August 9, 2016, I write to set forth plaintiff's position on fees.

Plaintiff was arrested in his home on Saturday, June 21, 2014. He and his wife had argued. A neighbor called 911. Police officers arrived. Plaintiff's wife denied that plaintiff had done anything wrong, but the officers still arrested plaintiff, using excessive force. Plaintiff was taken to a precinct, held overnight in excessively tight handcuffs, and strip searched. No contraband was found. The next day, Sunday, June 22, 2014, plaintiff was released without charges.

On June 25, 2014, plaintiff retained me to file a civil lawsuit. On August 4, 2014, I went with plaintiff and his wife to their Civilian Complaint Review Board ("CCRB") interviews. On August 6, 2014, I filed a notice of claim for plaintiff. In the fall of 2014, I made various requests and follow-up requests to the New York City Police Department and Kings County District Attorney's office for records relating to plaintiff's arrest. Over the same period, I also made various requests and follow-up requests for plaintiff's medical records. On December 29, 2014, I went with plaintiff to the Section 50-h hearing on his notice of claim.

On March 18, 2015, I filed a complaint on plaintiff's behalf alleging false arrest, excessive force, and other claims under 42 U.S.C. § 1983 ("Section 1983") and supplemental claims under New York law and naming the City and two police officers as defendants. In June 2015, the City sought a stay of the proceedings pending resolution of the CCRB proceedings, which I opposed. At the July 2, 2015 initial conference, the case was stayed. At the August 5, 2015 status conference, however, a scheduling order was entered.

I served plaintiff's initial and expert disclosures on June 26, 2015, and defendants served their initial disclosures on September 28, 2015. I served plaintiff's first discovery requests on July 2, 2015, and defendants served their first discovery requests on September 17, 2015. I served plaintiff's responses and objections to defendants' first discovery requests on October 28, 2015, and defendants served their responses and objections to plaintiff's first discovery requests on October 31, 2015. A status conference was held on November 2, 2015. In early November 2015, I received the extensive CCRB file. On November 27, 2015, I filed an amended complaint adding four police officers as defendants. On December 18, 2015, I wrote to opposing counsel to identify plaintiff's experts by name and expertise, as required under the scheduling order.

At the January 13, 2016 status conference, defendants' counsel proposed -- and I agreed to -- a settlement conference following plaintiff's deposition. Plaintiff was deposed on February 4, 2016. A settlement conference was held on March 15, 2016, but the parties did not settle. Plaintiff deposed the six defendant police officers in early May 2016. On May 9, 2016, the date of the last officer deposition, the City made a Rule 68 Offer of Judgment for $7,500 plus reasonable attorney's, expenses, and costs, to the date of the offer, which plaintiff accepted on May 23, 2016.

I seek $61,787.75 in attorneys' fees in litigating the case on the merits. The request is based on: $400 per hour for attorney work; $200 per hour for travel time; and $125 per hour for administrative work. Through May 9, 2016, the date of the City's Rule 68 Offer of Judgment, I put in 147:00 hours in attorney work, 7:50 hours in administrative work, and 10:00 hours in travel time on this case (excluding work on the notice of claim and Section 50h hearing). I seek $3,489.61 in expenses, which includes $2,535.65 for reporters to take depositions. A summary chart of my hours (based on contemporaneous time records) is attached. I will also seek attorney's fees for defending my fee application.

A plaintiff who prevails on a Section 1983 claim should recover a reasonable attorney's fee absent special circumstances that render the award unjust. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). A prevailing party is entitled to compensation not only for successfully litigating the case on the merits but also for time reasonably spent in preparing and defending a fee application. *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999). That the attorney's fee may exceed the damages is irrelevant because "a rule calling for proportionality between the fee and the monetary amount involved in the litigation would effectively prevent plaintiffs from obtaining counsel in cases where deprivation of a constitutional right caused injury of low monetary value." *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005).

In determining a reasonable attorney's fee, the most useful starting point is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. In ascertaining the reasonable hourly rate, the analysis "looks to 'the prevailing market rates in the relevant community.'" *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The relevant community is the district court in which the case was brought. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). The fee applicant must show that "the requested rates are in line with those prevailing in the community for similar services of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11. A court may consider the rates awarded

in other cases and draw on familiarity with the prevailing rates in the forum district, though it may not rely on the latter factors alone. *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005).

I am a 1974 graduate of Columbia Law School, where I was a Harlan Fiske Stone scholar. Between 1974 and 1992, I was a trial attorney at the Federal Communications Commission, an assistant attorney general in New York, special counsel on telecommunications to the New York Legislative Commission on Science and Technology, and assistant director for legal research at the New York City Council. I represented the Attorney General in *Capitol Telephone Co. v. Pattersonville Telephone Co.*, 56 N.Y.2d 11 (1982), and the City Council in *City of New York v. State of New York*, 76 N.Y.2d 479 (1990). In the mid-1980's, I co-taught the Media Law Clinic at New York Law School, representing cable subscribers in a successful antitrust lawsuit against a cable operator, *New York Citizens Committee on Cable TV v. Manhattan Cable TV, Inc.*, 651 F. Supp. 802 (S.D.N.Y. 1986), and the ACLU in an unsuccessful challenge to nationwide deregulation of basic cable rates. *ACLU v. FCC*, 823 F.2d 1554 (D.C. Cir. 1987), *cert. denied*, 485 U.S. 959 (1988). I also taught antitrust law at New York Law School in the 1980's and copyright law at New York University's Tisch School of the Arts in the 1990's on an adjunct basis.

Since entering private practice in 1992, I have represented cable public access producers in *Denver Area Educational Telecommunications Consortium, Inc. v. FCC*, 518 U.S. 727 (1996), an unlicensed broadcaster in *Ruggiero v. FCC*, 278 F.3d 1323 (D.C. Cir. 2002), *vacated*, 317 F.3d 239 (D.C. Cir.) (en banc), *cert. denied*, 540 U.S. 813 (2003), a street musician in *Turley v. New York City Police Dep't*, 988 F. Supp. 667 & 675 (S.D.N.Y. 1997), *aff'd on part and rev'd in part*, 167 F.3d 757 (2d Cir. 1999), and a Muslim mechanic fired after September 11, 2001 in *Pjetrovic v. Merrill Lynch & Co., Inc.*, 2004 WL 2725993 (S.D.N.Y. Nov. 30, 2004). From 1998 to 2004, I also had an office at the Center for Constitutional Rights, where I brought a challenge to the City's refusal to appoint a Muslim fire chaplain. *Islamic Society of Fire Department Personnel v. City of New York*, 205 F. Supp.2d 75 (E.D.N.Y. 2002). I was the principal author of the original complaint in *Turkmen v. Ashcroft*, No. 02 Civ. 2307 (filed April 17, 2002), and a principal author of the complaint in *Arar v. Ashcroft*, No. 04 Civ. 0249 (E.D.N.Y. filed Jan. 22, 2004).

Since 2008, I have increasingly focused on police misconduct. In 2014, I persuaded a jury to award $20,000 in punitive damages against an undercover officer for fabricating evidence. *Garnett v. Undercover Officer C0039*, 2015 WL 1539044 (S.D.N.Y. Apr. 6, 2015). The case was orally argued in the Second Circuit on June 7, 2016.

Given my experience (only part of which is described above), I respectfully submit that $400 is a reasonable rate. *Cf. Germain v. County of Suffolk*, 672 F. Supp.2d 319, 326 (E.D.N.Y. 2009) (awarding $450 to partner-level attorney); *Harvey v. Home Savers Consulting Corp.*, 2011 WL 4377839, at *4-*6 (E.D.N.Y. Aug. 12, 2011) (awarding $450 and $400 to partner-level attorneys). Given that this case proceeded through depositions, I also respectfully submit that my hours (documented in contemporaneous time records, as well as in a summary chart attached hereto) are reasonable. *Cf. Tucker v. City of New York*, 704 F. Supp.2d 347, 360-61 (E.D.N.Y. Mar. 25, 2010) (finding 69.7 hours reasonable in routine police misconduct case with very limited paper discovery).

Thank you for your consideration.

3

Respectfully submitted,

*Robert T. Perry*

Robert T. Perry (RP-1199)

Encl.

cc.:    Okwede Okoh, Esq. (by ECF)