UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MATTHEW SMART,

        Plaintiff,

    - against -

CITY OF NEW YORK; WILFRED GUZMAN;
SHEKELE MUHAMMAD; NICHOLAS
PASCHITTI; JAMES PARIS; JWANN LAYTON;
JOHN McCUE; and JOHN/JANE DOES Nos. 1–10,

        Defendants.
------------------------------------------------------------------X

ORDER ADOPTING
REPORT AND RECOMMENDATION
15-CV-1405 (RRM) (PK)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff Matthew Smart commenced this action against defendants City of New York (the "City"), Wilfred Guzman, Shekele Muhammad, Nicholas Paschitti, James Paris, Jwann Layton, John McCue, and John/Jane Does Nos. 1–10 ("Guzman," "Shekele," "Paschitti," "Paris," "Layton," and "McCue," collectively, the "Individual Defendants") pursuant to 42 U.S.C. § 1983 and New York state law, for violations of Smart's rights under the Fourth and Fourteenth Amendments of the United States Constitution and state law. (*See generally* Am. Compl. (Doc. No. 15).) The Individual Defendants are members of the New York City Police Department (the "NYPD"). (*Id.* at ¶¶ 5–7.) Smart alleges that he was falsely arrested, subjected to excessive force, and illegally strip-searched by some of the Individual Defendants and John/Jane Does, and that others failed to intervene when these events occurred. (*Id.* at ¶¶ 9–14.) Smart also alleges that the NYPD is liable for these actions under the theory of supervisory liability, pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). (*Id.* at ¶ 56–63.)

    In a letter dated June 7, 2016, the parties informed the Court that they had resolved the case by way of an Offer of Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 68.

(6/7/16 Letter (Doc. No. 28).) On August 15, 2016, Smart filed a motion for attorney's fees. (Mot. Att'y Fees (Doc. No. 32).)

On February 17, 2017, the assigned Magistrate Judge, the Honorable Peggy Kuo, issued a Report and Recommendation ("R&R"), a copy of which was mailed to defendants on February 18, 2017, recommending that Smart's motion for attorney's fees be granted, and that Smart be awarded $70,277.36 in attorney's fees and costs. (*See* R&R (Doc. No. 37).) Judge Kuo reminded the parties that, pursuant to Rule 72(b), any objections to the R&R must be filed within fourteen days of service. (R&R at 7.) The fourteen days has passed, (*see* Decl. of Service (Doc. No. 38)), and no party has filed any objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the Court has reviewed the R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Accordingly, it is hereby ORDERED that Smart's motion for attorney's fees be granted, and that Smart be awarded $70,277.36, which includes attorney's fees of $66,787.75 and costs of $3,489.61.

The Clerk of Court is respectfully directed to enter judgment pursuant to this Order and close the case.

SO ORDERED.

Dated: Brooklyn, New York
      March 8, 2017

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge